ANDREW G. W. MOELLER, Appellant, v. UNITED
RAILWAYS COMPANY.

In Banc, May 20, 1912.

1. NEGLIGENCE: Railing to Platform. Where it is a mere mat-
ter of conjecture whether a railing at the end of the cinder
platform would have prevented the passenger trying to alight
from a moving car from going over the high embankment or
injured him the more if he had been thrown against it, the
court cannot hold, in the absence of any testimony on the point,
that a failure to have a railing was negligence.

2. ———: Increase of Speed: Alighting from Moving Car. A
motorman is not guilty of negligence in increasing the speed
of a car as a passenger was endeavoring to alight at an un-
usual stopping place, if he did not know that the passenger was
in the act of alighting and had no reason to suppose he was
about to do so. But the railway company may be negligent, if
the conductor whose duty it was to have seen the passenger and
who saw he was about to alight at the place where he had on
entering stated he wanted to get off, saw him in the act of
alighting and gave no signal to the motorman to stop, or if he
neglected to see the passenger when it was his duty to do so.

3. ———: Conductor: Failure to Heed Request to Stop Car.
The passenger, the only one, after he had been awhile on the
car, told the conductor he wanted to get off at a certain cross-
ing and the conductor promised to let him off there, but took a
seat and became absorbed in a newspaper. As the car ap-
proached the crossing the passenger, expecting the conductor
to stop the car there, but giving no signal himself, went to the
rear platform, and stepped down on the steps, holding to the
railing with one hand, waiting for the car to stop, but when it
did not slow up he undertook to step on the cinder platform as
he was carried along beside it, and putting his foot on the cin-
ders three feet from the brink of a steep embankment was
hurled forty feet below. Held, that the conductor was guilty of
negligence in failing to stop the car, and in failing to see the
passenger in his movements indicating a purpose to get off of
the car.

4. ———: ———: Stepping Off Moving Car: Contributory Neg-
ligence: Twelve-Year Old Boy. The act of the passenger, in
attempting to step off of a moving car, if a man of mature years,
would have been such contributory negligence as would bar a

242 Sup.—46

recovery of damages for his consequent injuries; but being a twelve-year old country boy, whether or not his failure to realize that the movement of the car would carry him over the brink of the steep embankment only three feet beyond where his foot struck the ground was such contributory negligence as bars his recovery, is a question for the jury, and not one of law for the court. He was not chargeable with the degree·of care that is to be reasonably expected of an ordinarily prudent man of mature years, but with the care to be expected of an ordinarily prudent boy twelve years of age in like circumstances. The court cannot declare as a matter of law an act to be negligent when reasonable men may have different opinions of its legal significance.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*William R. Gentry* for appellant.

The court erred in sustaining defendant's demurrer to the evidence for the reason that there was substantial evidence offered by plaintiff tending to show that the defendant was guilty of negligence in two particulars: First, in maintaining its platform without a railing at the east end where it was necessary, and as a result of whch the platform was not in a reasonably safe condition. Failure to keep platforms and other portions of premises used by passengers reasonably safe has often been held to be negligence. Barth v. Railroad, 142 Mo. 535; Fullerton v. Fordyce, 121 Mo. 1; Jamison v. Railroad, 55 Cal. 593; Pool v. Railroad, 100 Mich. 379; Jarvis v. Railroad, 16 N. Y. Supp. 96; Railroad v. Lucas, 21 N. E. 968; Wood v. Railroad, 181 Mo. 433; Lucas v. Ralroad, 23 N. E. 973; Newcomb v. Railroad, 182 Mo. 687. Second, in negligently starting its car forward at an increased rate of speed and with a jerk while plaintiff was in the act of alighting therefrom when the car had slowed down as if in response to his request to have the car stopped at said platform. Dawson v. Transit Co., 102 Mo. App. 277; Cobb v. Railroad, 149 Mo. 135; Ridenhour v. Railroad, 102 Mo. 270.

The evidence did not disclose such conduct on the part of plaintiff as would authorize the court in peremptorily taking his case from the jury and declaring him guilty of negligence as a matter of law. The boy was only ten years, ten months and twenty-five days old, and a country boy. He should not be held to the same degree of care as that which would be required of a full-grown, experienced man. Campbell v. Railroad, 175 Mo. 161; Walker v. Railroad, 193 Mo. 453; Deschner v. Railroad, 200 Mo. 310; Graney v. Railroad, 140 Mo. 89; Burger v. Railroad, 112 Mo. 249; Ridenhour v. Railroad, 102 Mo. 270; Rodgers v. Ptg. Co., 103 Mo. App. 683; Eswin v. Railroad, 96 Mo. 295; Donahoe v. Iron Works, 7 Mo. App. 447; Dawson v. Transit Co., 102 Mo. App. 279; Newcomb v. Railroad, 182 Mo. 687. Nor did the petition fail to state a cause of action (as was contended by defendant below) because it alleged that each act of negligence charged directly "contributed to cause plaintiff's injury." Deschner v. Railroad, 200 Mo. 310; McQuade v. Railroad, 200 Mo. 150.

*Geo. T. Priest* and *T. E. Francis* for respondent; *E. T. Miller* and *Boyle & Priest* of counsel.

VALLIANT, C. J.—Plaintiff, a boy twelve years old, in attempting to alight from one of defendant's cars, fell and was injured; he sues for damages, alleging that the accident was the result of defendant's negligence. Defendant owns and operates a double-track electric railway extending from the city out through the county of St. Louis to Creve Coeur Lake. About three miles east of Creve Coeur Lake defendant's railway crosses a steam railroad, which is called in the evidence the Colorado road; the defendant's road crosses the Colorado on a high trestle. Coming east from Creve Coeur Lake this trestle is approached on an embankment against which the west end of the trestle

abuts.   On the south side of the embankment is a cinder
platform about forty-five feet long, for the use of pas-
sengers boarding or alighting from defendant's cars.
This platform runs up to the east end of the embank-
ment and is level with it.   On the south side of the
platform there is a railing.   The east end of the plat-
form is six feet, four inches wide; there is no railing
at that end.   Plaintiff lives near Creve Coeur Lake and
had for some days ridden in defendant's cars from his
home to that crossing, attending school near the cross-
ing, and had alighted on that platform; he was familiar
with the situation.   This is the account he gives of the
accident:   He was on his way to school; when he
boarded the car he told the conductor he wanted to get
off at the Colorado crossing, and the conductor told
him that he would let him off there.   He took the rear
seat in the car, the conductor sat in the second seat for-
ward from the one occupied by plaintiff and was en-
gaged in reading a newspaper.   As the car approached
the crossing the plaintiff went out on the rear plat-
form with the purpose of alighting.   He gave no notice
then to the conductor, but expected the conductor would
stop the car as he had said he would. The conductor was
apparently absorbed in the newspaper and paid no at-
tention to the plaintiff.   When the car was within half
a block of the crossing plaintiff stepped down on the
step with both feet, holding on to the car and not ven-
turing to alight then, because the car was going too
fast; when it had got within twenty feet of the east end
of the cinder platform it was still going too fast, so he
waited until it got within three feet of that end and then
attempted to alight; he stepped down with his right foot
on the ground, his left still on the car step, and just
then, he says, the speed of the car was increased and it
carried him forward over the brink and he rolled down
the embankment to the surface below, a distance of
forty feet or more.   He testified that at the instant he
stepped from the car with his right foot to the ground

the car was moving faster than a walk but not as fast as a run. After saying the car was going too fast for him to attempt to get off at the west end of the cinder platform he was asked by his counsel: "How was it moving when you started to get off? A. A little faster than a run. Q. What kind of a run? A. A little slow run. By the court: How fast—do you know how fast a person ordinarily walks? A. Yes, sir. Q. Was it as fast as that or faster? A. A little faster than a walk."

The acts of negligence alleged in the petition are: First, failure to have a sufficient guard on the south side of the cinder platform and having none at all on the east end; second, increasing the speed of the car while the plaintiff was in the act of alighting; and third, failing to stop the car for plaintiff to alight. The answer was a general denial and a plea of contributory negligence. At the conclusion of the plaintiff's evidence the court gave an instruction to the effect that the plaintiff was not entitled to recover, whereupon the plaintiff took a nonsuit with leave, and the court refusing to set it aside, took an appeal. The amount of damages claimed in the petition being within the jurisdiction of the St. Louis Court of Appeals, the appeal was taken to that court, where it was heard and the judgment affirmed by a majority of the court; but one of the judges dissented and filed a dissenting opinion, in which he expressed the opinion that the majority opinion was in conflict with certain decisions of this court, and requested that the cause be certified to this court to be heard and determined, which was done.

I. There was no evidence tending to prove negligence on the part of defendant in the matter of railings. The evidence on that point consisted only in a description of the embankment, the cinder platform and the trestle, illustrated by photographs. There was a railing on the south side, but none on the east end of the

cinder platform. Whether or not the absence of a railing at the east end was negligence was a matter of inference. Counsel for plaintiff argue that if there had been a railing there the plaintiff would not have fallen over the brink; and counsel for defendant argue that whilst a railing might have caught the plaintiff and prevented his going over, yet the same force that threw him over would have thrown him against the railing, and whether he would have been more greatly injured in one than the other was a mere matter of conjecture; and besides, they say, that a railing at that end, to have prevented an accident like this one, would have to come so close to the moving cars as to endanger the lives of persons on the step of the car as there frequently might be in case of crowded cars. We hold that under the evidence the court would not have been justified in submitting to the jury the question of negligence for the absence of a railing at that end of the platform.

II. Nor was the motorman guilty of negligence in increasing the speed of the car, if he did so, while the plaintiff was in the act of alighting. If the motorman had known that the plaintiff was in the act of alighting, or if he had had any reason to suppose that a passenger would be in the act of alighting, it would have been negligence on his part to have increased the speed of the car, but that was not the case. He had no signal from the conductor or from any one warning him that a stop was desired. The plaintiff, according to his own testimony, was within three feet of the brink of the precipice when he stepped off with his right foot to the ground; the body of the car must therefore have been almost if not altogether on the trestle. The motorman's duty was to look to the front, not to the rear, and, having no warning to slow down, there is no perceptible reason why he should not have increased the speed of the car if he saw fit to do so. But in saying that the motorman was not guilty of negligence for increas-

ing the speed of the car we are not intending to say that the defendant was not guilty of negligence in that respect, because the defendant was then and there represented by another servant, the conductor whose duty it was to have seen the plaintiff and if he had seen that he was about to step off the car, under those circumstances, he should have given the motorman a signal to stop, and as the conductor neglected to see the plaintiff when it was his duty to have seen him the legal consequence is the same as if he had seen him and neglected to give the signal.

III.   The conductor was guilty of negligence in failing to stop the car at the crossing and in failing to see the plaintiff in his motions indicating a purpose to get off the car.  We infer from the record that the plaintiff was the only passenger on the car; the conductor therefore did not have the excuse that in a crowd of passengers and a multitude of requests he could not keep this one in mind.  The boy after he had been on the car awhile told him that he wanted to get off at the Colorado crossing and the conductor promised to let him off there, but instead of doing so took a seat in the car and allowed his attention to become absorbed in a newspaper.  If he had been attentive to his duties, even if he had forgotten the boy's request, he would have seen him when he left the inside of the car and went out on the platform and descended to the step, and the signal could then have been given and the catastrophe possibly averted.

IV.   The next question, and the only difficult one, is, was the plaintiff by his own showing guilty of such negligence contributing to his injury as should preclude him from recovery?

If the conductor had caused the car to stop as he promised, there would have been no accident, and if the plaintiff had not attempted to step off the car while

it was moving there would have been no accident. The difficulty in the question is in the fact that the act we are to pass judgment on was the act of a twelve-year-old boy. If a man of mature years had acted as did this boy and received like injuries, we would say he contributed by his own negligence to his injury and therefore could not recover; but in answer to that suggestion it may be well said that a man of mature years would not have acted that way. The standard by which the plaintiff's act is to be measured is not the degree of care to be reasonably expected of an ordinarily prudent man of mature years, but the care to be reasonably expected of an ordinarily prudent boy of twelve years. The question then is what could reasonably be expected of an ordinarily prudent boy twelve years old? When he went out to the rear end of the car and got down with both feet on the step it was then, as he said, about half a block west of the east end of the cinder platform and he realized that it was going too fast to attempt to alight, and when it was about twenty feet from the end he still realized that it was going too fast, but when it came within three feet of the end he attempted to alight, but was carried by the momentum of the car over the brink. He thinks it was the increased speed imparted to the car just as he was alighting that carried him over, but that is only his opinion, and in that he is probably mistaken. A passenger stepping from a car to the ground while it is in motion is precipitated forward more or less according to the speed of the car after he alights on the ground. A space of three feet between the step and the brink of the precipice is a very short space and with the car going faster than a walk, as fast as a slow run, it would be almost impossible for one to recover from the momentum before going over the brink. But can we charge a boy twelve years old with knowledge of that law of physics? Or putting the question in this form: Can we charge him with knowledge of the fact that if he jumps off a mov-

ing car he is liable to be carried several feet in the direction the car is moving before he can recover control of his movement? And is that a pure question of law which the court can apply in a peremptory instruction or is it to be left to a jury in the particular case under proper instructions, taking into account his experience? A court is justified in taking a case from the jury only when from the evidence adduced there can be but one reasonable conclusion drawn. Can there be no two opinions on the question of whether this boy was possessed of sufficient experience to enable him not only to see what a person of mature years would have seen but also to appreciate the danger into which he was plunging?

The court cannot specify the age to which a child when he has attained it shall be held as liable in such case as a person of full maturity, because there are other facts to be taken into account: the peculiar circumstances of the particular case, the knowledge and experience of the child in reference to those circumstances, and his capacity to appreciate the danger.

There have been several cases before this court, which will be seen by reference to the briefs of counsel, where questions like this have been involved; in some of them it has been held that the minor was guilty of such contributory negligence as precluded a recovery, and in some that he was not. But there is no conflict in those cases, the principle of law governing them is the same in all, they differ only in the facts. We do not deem it necessary to review those cases here.

It can hardly be said that the danger into which this boy ran was obvious to one of his years and experience, like, for example, stepping immediately in front of an approaching car; what actually carried him over the brink was the projectile impetus imparted to his body by the moving car. That danger would probably be obvious to any person of mature years and per-

haps so to a city boy familiar with the feat of jumping on and off moving cars, but whether so to a country boy without experience is a question.

We are of the opinion that the question of the plaintiff's contributory negligence ought to have been submitted to the jury under proper instructions.

The judgment is reversed and the cause remanded to the circuit court to be re-tried according to the views herein expressed.

PER CURIAM.—The foregoing opinion of VALLIANT, C. J., in Division, is adopted on hearing in Banc. *Lamm, Ferriss, Kennish* and *Brown, JJ.,* concur; *Woodson* and *Graves, JJ.,* dissent.