**Brian WINTJEN, a minor, et al., Appellants,**

v.

**Rose KLOEPPEL, Respondent.**

**No. 37198.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 1, 1977.
Motion for Rehearing and for Transfer
Denied April 15, 1977.

Steven A. Cox, Fenton, for appellants.

Carter, Brinker & Doyen, Bernard C. Brinker, Daniel E. Wilke, Clayton, for respondent.

ALDEN A. STOCKARD, Special Judge.

Brian Wintjen, a minor, sought damages for personal injuries resulting from being struck by an automobile operated by Rose Kloeppel, and Noel Wintjen, his father, sought damages for medical expenses incurred by him. At the close of plaintiffs' case the trial court directed a verdict for defendant, and plaintiffs have appealed. We reverse and remand.

Plaintiffs pleaded both primary and humanitarian negligence on the part of defendant. If a submissible case was made as to any pleaded theory the directed verdict was improper.

As primary negligence plaintiffs pleaded, among other things, that defendant operated her automobile at a high, excessive and unreasonable speed under the circumstances, and also that she failed to sound a warning of the approach of her automobile, to slacken speed and to swerve.

Brian, then twelve years of age, was a student at the Twillman Grade School located on Bellefontaine Road. He had been released from school about 3:30 o'clock, and he and other school children were walking northward on the west shoulder of Bellefontaine Road. There was no sidewalk, but there was a white line at or near the edge of the blacktop pavement to indicate a walking area for pedestrians. The shoulder area where the children were to walk varied in width and at places narrowed to about three feet in width. There was no occasion for Brian to cross Bellefontaine Road to reach his home, but he testified that while he did not remember running into the street, he "guessed" that he did so, and he "thought" he remembered seeing defendant's automobile and that he tried to get out of the way.

Certain statements of the defendant made on deposition were admitted as statements against interest. She stated that the place of the accident was in an area primarily residential and that Bellefontaine Road was straight and flat with no obstructions in her view. When she first saw the group of children of which Brian was a member they were on the shoulder of the road "five or six houses down" to the south, and the speed of her automobile then was 30 to 35 miles an hour. When she first saw Brian "as an individual" she was traveling about 25 miles an hour, and at the time of impact she was traveling between 20 and 25 miles an hour. Her automobile was "centered" in the south bound lane, which was 10½ to 11 feet in width. When Brian was on the shoulder of the road, and about four seconds after the time she first saw him, he looked toward the defendant, she was able to see his face, and to use her language, that was "seconds, I don't know," or "two seconds? I don't know," before the impact. While Brian was on the shoulder she saw him "turn and pivot." She told a police officer after the accident, that he "ran" into the road and she tried to stop but could not avoid hitting him. Brian was struck by the left front part of the automobile, "the left headlight." Defendant also stated on deposition that she did not attempt to swerve and did not sound her horn. There was no evidence concerning the presence or absence of skid-marks.

■ In determining whether a submissible case was made we review the evidence from the standpoint most favorable to the plaintiffs and give them the benefit of all reasonable inferences therefrom. *Schmittzehe v. City of Cape Girardeau*, 327 S.W.2d 918, 922 (Mo.1959).

■ "Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." § 304.010 RSMo 1969. There are no exceptions to these statutory requirements, *Ficken v. Hopkins*, 389 S.W.2d 193 (Mo.1965), and a motorist is not absolved from a charge of negligence in connection with his speed at the time of an accident by showing only that he was not exceeding the limit posted in the area as the maximum permissible. *Gerdel v. Broccard*, 428 S.W.2d 492 (Mo.1968).

■ In the exercise of the highest degree of care a motorist is charged with the duty

to recognize that a child engaged in play or other preoccupation on or near a roadway is almost entirely devoid of any appreciation of danger, *Ozbun v. Vance*, 323 S.W.2d 771 (Mo.1959), and thoughtless and impulsive acts of children are to be expected and guarded against. *Schmidt v. Allen*, 303 S.W.2d 652 (Mo.1957); *Wood v. Claussen*, 207 S.W.2d 802, 808 (Mo.App.1948); *Graham v. Conner*, 412 S.W.2d 193 (Mo.App. 1967); *Hults v. Miller*, 299 S.W.2d 85 (Mo. App.1927); *Price v. Burton*, 155 Va. 229, 154 S.E. 499 (1930). See also the cases cited in §§ 37 and 108 of the Annotation entitled *Duty of motor vehicle driver approaching place where children are playing or gathered* relating to the duty of a motorist to anticipate childish conduct.

 It is uniformly held that when a motorist knows of the presence of children in, near, or adjacent to the street or highway, he has the duty not to operate his vehicle at a high, dangerous, unreasonable or excessive speed. *Haake v. Davis*, 166 Mo.App. 249, 148 S.W. 450 (1912); *Wood v. Claussen*, supra; *Collins v. Kamper*, 272 S.W. 1053 (Mo.App.1925); *Hults v. Miller*, supra. See also the cases cited in §§ 13, 40 and 110 of the above cited Annotation. What would constitute an excessive or dangerous speed would depend upon the circumstances, and if the speed is excessive or dangerous there is a duty to slow down, *Ballman v. H. A. Lueking Teaming Co.*, 281 Mo. 342, 219 S.W. 603 (1920); *Chaar v. McLoon*, 304 Mo. 238, 263 S.W. 174 (1924), to such extent that the operator has sufficient control of his automobile to avoid injury in the event an impulsive childish act occurs. *Koelling v. Union Fuel & Ice Co.*, 267 S.W. 34 (Mo.App.1924). See also the cases cited in §§ 14, 48 and 115 of the above cited Annotation.

 In this case the defendant was operating her automobile on a street where children had just been released from school and where they were walking home on the shoulder of a blacktop road without curbs. Defendant saw a group of children ahead of her on the shoulder, and there was no side-walk or curbing between the children and the traveled portion of the road; only a white line. Whether it was negligence on her part to proceed with her automobile at the speed she did under the circumstances was a question for the jury, and it was not an issue to be ruled as a matter of law by the court. Neither can we say as a matter of law that in view of Brian's age and the other circumstances, he was guilty of contributory negligence.

By reason of the result we have reached as to a pleaded charge of primary negligence, we need not rule whether a submissible case was made under the humanitarian doctrine. We only comment that the evidence is most unsatisfactory and much is left to inference, some being very questionable. For example, as to the failure to slacken speed, swerve, sound a warning, or stop after Brian entered a position of immediate danger, there is no direct evidence that defendant's automobile was equipped with brakes, a horn, or a steering apparatus, and that they were in working order.

The judgment is reversed and the cause remanded.

SMITH, P. J., and NORWIN D. HOUSER, Special Judge, concur.