Jacqueline **HUCKSTEP**, Plaintiff–Respondent,

v.

Doyle Allen **RICHARDS**, Defendant–Appellant.

No. 11270.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 12, 1980.

James R. Robison, Sikeston, for plaintiff–respondent.

Donald L. Dickerson and Paul V. Gilbert, Jackson, Thomasson, Dickerson & Gilbert, Cape Girardeau, for defendant–appellant.

PER CURIAM.

This case involves a wrongful death action brought by plaintiff Jacqueline Huckstep against defendant Doyle Allen Richards. Plaintiff's six–year–old daughter Michelle Hanner was killed when she was struck by a school bus driven by defendant. The case was tried before a jury which rendered a verdict of $20,000 in plaintiff's favor. The verdict was reduced to judgment, and this appeal followed.

Since defendant's appeal questions the sufficiency of the evidence submitted to the jury, we set out the evidence most favorable to plaintiff, keeping in mind that plaintiff must be given the benefit of any reasonable inferences which can be drawn from her evidence, and that defendant's evidence is to be disregarded, unless it aids plaintiff's case. *Kaelin v. Nuelle,* 537 S.W.2d 226, 232 (Mo.App.1976).

Defendant Richards was a bus driver for the Illmo–Scott City School District. The school bus that Richards drove carried 66 passengers, was approximately 36 feet long, and was equipped with outside mirrors which permitted him to see the roadway to the rear of the bus on both sides. On March 13, 1978, at about 3:10 p. m., Richards was returning a group of students, including Michelle, to the vicinity of their homes. The bus was traveling on Mulberry Street in Scott City, Missouri. Mulberry Street was approximately 16 feet wide and was blacktopped. It was raining "very hard." Richards stopped the bus so that six of the children could exit. It was necessary that five of the children, including Michelle, cross the street to reach their homes.

The five students, after leaving the bus through a door on the right front side, went to the left in front of the bus, and then angled to the left again towards the left rear of the bus. This maneuver was necessary since Richards had stopped the bus in a position so that the five children's homes were to the rear and across the street from the place where the bus was stopped. Michelle was still in the street, approximately five feet from the left rear side of the bus, when she dropped some school papers she was carrying. The papers blew towards the bus, and the little girl ran to retrieve them. At that time, Richards, without looking to the rear to see if the children had reached a point of safety, started the bus forward. He traveled approximately 36 feet forward when he heard a "thud." He stopped the bus, got out, and found that the bus had struck Michelle, inflicting fatal injuries. Her body was near the center of the street after the accident.

The case was submitted to the jury on the issue of failure to keep a careful lookout. On appeal, defendant contends that plaintiff did not make a submissible case on the lookout issue as 1) defendant had no duty to look to the rear before starting the bus, 2) there was no evidence that defendant could have seen Michelle run towards the bus, and 3) that even if he had seen her, he did not have the time or ability to stop the bus before it struck the child.

In order to make a submissible case against Richards on the theory that he failed to keep a careful lookout, substantial evidence had to be presented to the jury, from which they could reasonably find that defendant, in the exercise of the highest degree of care, could or should have seen Michelle in time thereafter to take effective precautionary measures to keep the bus from striking her, and that failure to do so was negligence. *Wallander v. Hicks,* 526 S.W.2d 848, 851 (Mo.App.1975). What constitutes negligence in failing to keep a careful lookout, in any particular direction at any certain time and place, depends upon the then–existing circumstances and conditions, and is usually a jury question. *Clark v. McCloskey,* 531 S.W.2d 36, 37 (Mo.App. 1975).

A bus driver is under a continuous duty to exercise the highest degree of care at all times and places, and to observe not only persons on or approaching the street on which the bus is traveling, but also all related conditions and circumstances which might reasonably affect the safety of such persons. *Schilling v. Bi–State Development Agency,* 414 S.W.2d 818, 823, (Mo.App. 1967). In exercising this duty, he is not only required to look forward and laterally, but, in some cases, to the rear. *Norris v. Winkler,* 402 S.W.2d 24, 27 (Mo.App.1966). It is a well recognized principle of law that greater precautions are necessary to fulfill the duty of keeping a careful lookout when children of tender years are involved. *Fortner v. St. Louis Public Service Co.,* 244 S.W.2d 10, 14 (Mo.1951). A child on or near a roadway is almost devoid of any real appreciation of danger, and their thoughtless and impulsive acts are to be expected and guarded against. *Wintjen v. Kloeppel,* 549 S.W.2d 564, 566 (Mo.App.1977).

At trial, Richards testified that his view of the children who had left the bus was obstructed, due to the heavy rain. This being so, he had a duty to take affirmative action, commensurate with the existing situation, before starting the bus forward. *Collins v. Nelson,* 410 S.W.2d 570, 575 (Mo. App.1965). This affirmative action would have consisted of looking to the left rear of the bus, and making sure that the roadway was clear and that the five children, including Michelle, were in a position of safety before he moved the bus forward. He did not do so. His failure to do so was negligence under the circumstances, and such negligence was the proximate cause of the child's death.

Plaintiff made a submissible case on the issue of defendant's failure to keep a careful lookout.

The judgment is affirmed.

All concur.