Gary Dean DODSON, A minor, By and Through his mother and next friend, Hazel DODSON, Plaintiff-Appellant,

v.

Edward Arthur ROBERTSON, Defendant-Respondent.

No. 13897.

Missouri Court of Appeals, Southern District, Division One.

March 24, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied April 15, 1986.

Application to Transfer Denied June 17, 1986.

Raymond Whiteaker, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, and Cynthia O. MacPherson, Mountain Grove, for plaintiff-appellant.

Jerry L. Reynolds, Springfield, for defendant-respondent.

GREENE, Judge.

This appeal is from the trial court's judgment affirming a jury verdict in favor of defendant, Edward Arthur Robertson, and against plaintiff, Gary Dodson. We reverse and remand.

Gary, a seven year-old child, was pushing his bicycle across U.S. Highway 60 in Norwood, Missouri, when he was struck by an automobile driven by Robertson. The child suffered serious personal injuries as a result of the collision.

Viewed in the light most favorable to the jury verdict, the evidence was that Robertson was traveling east on the highway at a speed of approximately 40 miles per hour when he first saw Gary pushing a bicycle alongside the highway toward a school crosswalk. School was not in session, so the traffic control light at the crosswalk was not in operation; however, road signs clearly marked the existence of the crossing, and Robertson was aware of their location. Although Gary stopped before reaching the crosswalk, it looked to Robertson "like he was thinking about crossing." Robertson did take his foot off the accelerator when he first saw Gary, but did not brake to reduce his speed, prepare to take evasive action, if necessary, or sound a warning. Gary then entered the crosswalk and pushed his bicycle onto the highway. Even though it was mid-afternoon, visibility and road conditions excellent, and no oncoming traffic to block Robertson's view of the child, he did not see Gary enter the highway. Robertson's wife, who was a front seat passenger in his car, screamed a warning, and Robertson swerved, but could not avoid striking the child. The collision fractured Gary's skull, and left him with permanent injuries, including a loss of hearing in one ear.

Gary's cause of action was submitted under comparative negligence instructions that included two separate verdict directors. The first directed the jury to return a verdict for him if they believed that Robertson 1) failed to keep a careful lookout or knew, or should have known, that

there was a reasonable likelihood of collision in time to have stopped, or slackened his speed and sounded a warning, but failed to do so, 2) he was thereby negligent, and 3) such negligence directly resulted in, or contributed to, Gary's injuries. The second verdict director instructed the jury that if it believed that 1) Robertson failed to yield the right-of-way to Gary within the crosswalk, or failed to sound a warning upon observing him in the roadway, and 2) either of such acts directly resulted in, or contributed to, his injuries, it must find for Gary.

Robertson submitted an instruction, which the court gave over plaintiff's objection, telling the jury they could assess a percentage of fault against Gary if they found that Gary 1) failed to keep a careful lookout or left a place of safety and moved into the immediate path of Robertson's vehicle, and 2) was negligent in either of those respects, and 3) directly caused, or directly contributed to cause, any damage he sustained through his own negligence.

The jury returned a verdict in favor of Robertson, without any assessment of a percentage of fault against either party.

On appeal, Gary alleges that the trial court erred in permitting Robertson's attorney, over objection, to misdirect the jury on issues of law during closing argument.

In discussing Robertson's duty when he first saw Gary approaching the highway, defense counsel told the jury, "He doesn't have to slow down and stop on this highway until this boy indicates that he's going to come out on the highway." At this point, Gary's attorney objected, alleging that the statement was a misstatement of law. The objection was overruled.

Defense counsel then said that the "reasonable likelihood of collision is not when this boy is standing on the side of the road with his bicycle," and "[a]ny driver exercising the highest degree of care ... would believe that boy knows the car is coming and is waiting for it to pass...." Gary's counsel again objected on the grounds that the argument was a prejudicial misstatement of law as Robertson's duty to act

"was not deferred until danger of life became apparent." The objection was again overruled. Robertson's attorney continued in the same vein, arguing "at the point that Gary begins to move forward toward that roadway, that is the point that action has to be taken, ... until the boy is on the roadway there is no duty to yield, ... you cannot find Ed liable unless you find that Ed failed to honk his horn after the boy was on the roadway," and "a driver in the position of Ed Robertson ... would believe that boy was going to stay there" on the side of the road.

Although Gary's attorney did not object to these later statements, their cumulative effect will be considered because, after twice having objections overruled, counsel probably considered further protest useless. *See State ex rel. Highway Comm'n v. Offutt*, 488 S.W.2d 656, 661 (Mo.1972).

█ Although regulation of jury argument usually rests within the discretion of the trial court, such rule does not apply when the issue is one of law, as is the case here. *Carrel v. Wilkerson*, 507 S.W.2d 82, 86 (Mo.App.1974). Robertson, by his own testimony, knew that a child pushing a bicycle was approaching the highway, and that it "looked like he was thinking about crossing." Children of tender years engaged in play or other preoccupations on or near a roadway have little appreciation of danger, and their thoughtless and impulsive acts are to be expected and guarded against. *Hildreth v. Key*, 341 S.W.2d 601, 607 (Mo.App.1960). The duty of a motorist to exercise the highest degree of care arises at the instant he sees, or should have seen, a child on or near a roadway, since, as a matter of law, the motorist must realize that the youngster might, at any moment, move in front of oncoming traffic. *Huckstep v. Richards*, 609 S.W.2d 731, 733 (Mo.App.1980); *Wintjen v. Kloeppel*, 549 S.W.2d 564, 565–66 (Mo.App.1977); *Immekus v. Quigg*, 406 S.W.2d 298, 301 (Mo.App. 1966).

█ Viewed in the light of the cases cited here, the argument of Robertson's

attorney was fatally flawed as it told the jury that he had no duty to exercise the highest degree of care in regard to Gary until the child was on the highway. This was a fundamental misstatement of law, and its prejudicial effect was heightened by the court's tacit approval, voiced through its overruling of Gary's objections.

We also observe that Gary's objections to the jury selection process, which point is also raised in his brief, is well taken. Seven friends of Robertson were included in the eighteen persons who comprised the jury panel. Plaintiff's motion to strike the names of those persons from the panel were denied. Even after exercising his three peremptory strikes, four of those persons remained on the jury. The reason the trial judge gave for denying the challenges for cause to these jurors was that during voir dire those persons had said they would be fair, if allowed to serve. A venireperson should not be allowed to judge his own qualification to serve as a juror. *State v. Thompson,* 541 S.W.2d 16, 18 (Mo.App.1976). A jury that contains friends and acquaintances of one of the parties is not the fair and impartial jury that the constitution envisions. *See Tate v. Giunta,* 413 S.W.2d 200, 203 (Mo.1967).

We do not decide the question whether a seven year-old child can be contributorily negligent, which issue is raised in plaintiff's final point relied on. Plaintiff's verdict directing instructions were premised on the doctrine of comparative fault, which was first enunciated as a principle of Missouri law in *Gufstafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). Whether such doctrine would apply in cases where one party, as a matter of law, was incapable of negligent behavior, if such is the case with a seven year-old child, is an open question, but plaintiff cannot embrace the comparative fault doctrine in his verdict director, and then repudiate it on appeal.

The judgment is reversed, and the cause remanded for new trial.

TITUS, P.J., and FLANIGAN, J., concur.