James R. HAYES, Sr. and Pauline
Hayes, Appellants,

v.

Howard HATFIELD and Shirley S.
Hatfield, Respondents.

No. WD 40523.

Missouri Court of Appeals,
Western District.

Sept. 27, 1988.

Kranitz & Kranitz, P.C., St. Joseph, for
appellants.

Thomas R. Bellmann, Jeans & Bellmann,
Kansas City, for respondents.

Before COVINGTON, J., Presiding,
and NUGENT and GAITAN, JJ.

COVINGTON, Judge.

James R. Hayes, Sr., and Pauline Hayes
appeal from the entry of summary judg-
ment against them by the trial court. The
judgment is affirmed.

On July 29, 1985, Howard Hatfield filed
a complaint in the United States District

Court for the Western District of Missouri, individually and as general partner of Corby Grove, Limited, a Missouri limited partnership, alleging that the City of St. Joseph, Missouri, and three of its officials caused compensable injury to Mr. Hatfield by their violations of 42 U.S.C. § 1983 and certain state law torts. His wife, Shirley, was also named as plaintiff. After discovery, the Hatfields were granted leave of court to file a First Amended Complaint, in which they put forth additional theories of recovery and added additional party defendants, including Mr. Hayes. Counsel who had originally answered filed an answer to the first amended complaint on behalf of the additional defendants, including Mr. Hayes. Counsel for the named defendants had been retained by National Union Fire Insurance Company, insurer for the City.

The Hatfields filed a motion for summary judgment on liability only on January 12, 1987. Four days later, all defendants, including Mr. Hayes, through counsel jointly filed a formal Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 to permit judgment "to be taken and entered against them jointly for the sum of Fifty Thousand One Dollars ($50,001.00)." Plaintiffs timely filed a written acceptance as required by the rule, and, on February 10, 1987, the court executed a federal court judgment entry which stated in part: "Judgment shall be entered in favor of plaintiffs and against defendants, and each of them jointly for all of those claims alleged in the First Amended Complaint. It is therefore ordered: I. That plaintiffs, Howard Hatfield and Shirley Hatfield, have judgment in the sum of $50,001.00, jointly from defendants ... James R. Hayes, ... jointly, for which let execution issue. II. That plaintiffs may submit a Motion for Costs and Fees for consideration by the court within 30 days of the date of this order."

Mr. Hayes maintained that he did not concur in the offer of judgment. Prior to the making of the offer, Mr. Hayes insisted the offer was improper as to his interests. By letter dated February 13, 1987, to counsel retained by the insurer for the City, Mr. Hayes protested the settlement and denied liability.

On February 18, 1987, the Hatfields moved for statutory attorney's fees under 42 U.S.C. § 1988 alleging that they were the prevailing parties. The motion was opposed by counsel of record for the defendants, including Mr. Hayes. The federal court conducted a hearing on the matter in June of 1987. On September 9, 1987, the federal court entered an order which held that there was no dispute that Mr. and Mrs. Hatfield were indeed the prevailing parties since the defendants tendered and the plaintiffs accepted an offer of judgment on all claims alleged in the plaintiffs' first amended complaint.

Counsel of record for all defendants, including Mr. Hayes, filed a notice of appeal to the Eighth Circuit Court of Appeals on September 18, 1987. Thereafter, however, the defendants stipulated to withdrawal of the appeal and paid the previously ordered prevailing parties' attorney's fees into the court treasury for release to Mr. Hatfield.

On February 24, 1987, before the time to appeal the federal judgment had expired and before the Hatfields' motion for attorney's fees was decided, Mr. and Mrs. Hayes filed a malicious prosecution suit against Mr. and Mrs. Hatfield and the National Union Fire Insurance Company in the Circuit Court of Buchanan County. Among other allegations, Mr. and Mrs. Hayes alleged that the federal complaint filed by Mr. and Mrs. Hatfield was terminated in favor of Mr. Hayes on or about February 10, 1987.

National Union and the Hatfields each filed a motion for summary judgment. Each motion was denied. Both National Union and the Hatfields filed motions to reconsider the denial of their requests for summary judgment, both of which were denied. Thereafter, Mr. and Mrs. Hayes settled with National Union, after which the Hayeses filed a second amended petition which dismissed National Union as a co-defendant. Only the claims against the Hatfields remained, with Mr. and Mrs. Hayes continuing to allege that the federal

suit had terminated in favor of Mr. Hayes on or about February 10, 1987. With National Union dismissed, the Hatfields again filed for summary judgment with respect to the second amended petition.

On February 3, 1988, nearly one year after the joint judgment against all defendants was entered, the Hayeses moved for relief from the federal judgment in the United States District Court under Federal Rule of Civil Procedure 60(b). The motion for relief was denied on March 21, 1988. The Hayeses did not appeal the denial of the motion for relief.

On April 8, 1988, the trial court heard oral argument on the Hatfields' motion for summary judgment with respect to the Hayeses' second amended petition and subsequently sustained the Hatfields' motion for summary judgment.

## I.

In their first point, Mr. and Mrs. Hayes contend that the trial court erred in entering summary judgment on the ground of an amendment to Rule 74.04. The point is directed toward what appellants regard as the lack of significance of the deletion of (*h*) from the Rule, effective January 1, 1988, and its consequent effect on the quantum of proof required to support summary judgment. Mr. and Mrs. Hayes assert that a movant for summary judgment must continue to show by unassailable proof that there is no genuine issue of fact and that he is entitled to judgment as a matter of law. It is no longer necessary for a movant to show by unassailable proof that he is entitled to a summary judgment. *See* Laughrey, *Judgments—The New Missouri Rule*, 44 J.Mo.B. 11, 14 (1988). Moreover, Mr. and Mrs. Hayes do not specify in this point any genuine issue of material fact which they allege to exist in the case and, more significantly, they do not specify how the trial court's alleged misunderstanding of the quantum of proof required under Rule 74.04 affected its ruling. The point is thereby rejected. Rule 84.-04(d); *Thummel v. King*, 570 S.W.2d 679, 686–87 (Mo. banc 1978).

## II.

Mr. and Mrs. Hayes next assert trial court error in entering summary judgment because the termination of the federal suit was not on the merits, was tantamount to a consent judgment, and, thus, was not a termination in favor of Mr. and Mrs. Hatfield so as to bar an action by Mr. and Mrs. Hayes for malicious prosecution or so as to support a defense of either res judicata or collateral estoppel. They assert that they did not agree to settle the federal case and that they did not authorize the defendants' attorney to do so in their behalves.

Review of summary judgment is equivalent to review of a court-tried case and, if, as a matter of law the judgment is sustainable on any theory, the judgment of the trial court will be sustained. Review is made of the entire record in a light most favorable to the party against whom summary judgment is entered. The reviewing court first determines whether there is any genuine issue of material fact requiring trial and then determines whether the judgment is correct as a matter of law. The moving party has the burden to show that he is entitled to judgment as a matter of law. Rule 74.04; *Roberts Fertilizer, Inc. v. Steinmeier*, 748 S.W.2d 883, 886 (Mo. App.1988). "Summary judgment is not precluded if the 'facts' alleged to be in dispute are actually differing opinions of the parties of the legal effect of documents or actions which determine their respective rights." *Steinmeier*, 748 S.W.2d at 887.

The dispute alleged to exist is the differing opinions of the parties of the legal effect of the federal court judgment. The Hayeses contend that the federal court judgment is tantamount to a state court consent judgment, and, because the judgment was not entered after a trial on the merits, the federal suit terminated in favor of the Hayeses.

If the judgment entered in the federal suit were subject to collateral attack, the Hayeses' assertion that a factual dispute exists would arguably be of merit. The federal court judgment, however, is not subject to collateral attack. The judgment was entered subsequent to the de-

fendants of record having made an offer of judgment pursuant to Federal Rule 68 which provides that at any time more than ten days before a trial begins, a party defending against a claim may serve upon the adverse party an offer to allow a judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If timely accepted, either party may then file the offer and notice of acceptance together with proof of service after which the clerk shall enter judgment. The purpose of the rule is to encourage settlement and avoid protracted litigation. 7 J. MOORE, J. LUCAS, & K. SINCLAIR, FEDERAL PRACTICE AND PROCEDURE 68.02 (2D ED. 1988).

Although Missouri courts have not addressed directly the question of whether a federal judgment entered pursuant to Rule 68 is subject to collateral attack, our courts have addressed analogous issues. In *Vorhauer v. Sweeney*, 217 S.W.2d 985 (Mo. App.1949), the judgment was entered by consent. An individual against whom judgment was entered filed a motion to quash execution and alleged that she did not sign the stipulation for judgment and did not authorize her attorney to do so. The court noted that an attorney cannot bind his client by an unauthorized act which amounts to a total or partial surrender of substantive rights. *Vorhauer*, 217 S.W.2d at 986. The court in *Vorhauer* nevertheless held that a judgment of a court of competent jurisdiction could not be questioned in a collateral proceeding after the term of court at which it was rendered and that the motion to quash was a collateral attack which would not be countenanced. *Id.* *Vorhauer*, 217 S.W.2d at 987.

The same reasoning which has been applied to consent judgments has been applied to default judgments in the context of malicious prosecution actions. In *McMahon v. May Dep't Stores Co.*, 374 S.W.2d 82, 89–90 (Mo.1963), the plaintiff sought to set aside a default judgment on the ground that it had been procured through a fraudulent return of service, and the plaintiff sought damages for malicious prosecution. The court held that as long as a judgment stands, it is an effective bar to a malicious prosecution action. In *Geringer v. Union Elec. Co.*, 731 S.W.2d 859, 863 (Mo.App. 1987), a suit for malicious prosecution, a default judgment was entered against the defendant in the underlying suit. Having never been set aside or vacated and remaining in full force and effect, the default judgment was found as a matter of law to bar an action for malicious prosecution based upon it.

Mr. and Mrs. Hayes' argument and averment that the federal suit terminated in their favor is a collateral attack upon the judgment of the federal court. They seek in a state court malicious prosecution action collaterally to attack the judgment by alleging that it was permitted by an attorney for the insurance company who allegedly exceeded his authority as to the Hayeses in committing Mr. and Mrs. Hayes to the offer of judgment procedure and the subsequent entry of judgment. The malicious prosecution suit filed in state court attempts to impeach the federal judgment in a proceeding not instituted for the express purpose of overturning it. The judgment, having been rendered by a court having jurisdiction of the parties and subject matter, is not open to collateral attack in respect of its validity or the conclusiveness of the matter adjudicated. *See State ex inf. Voights v. City of Pleasant Valley*, 453 S.W.2d 700, 704 (Mo.App.1970). Mr. and Mrs. Hayes have not attacked the jurisdiction of the federal court to enter the judgment. Jurisdiction will be presumed where the record is silent on the question. *Lewis v. Lewis*, 238 Mo.App. 173, 180, 176 S.W.2d 556, 560 (1943).

The federal court judgment on its face terminated in favor of Mr. and Mrs. Hatfield. Mr. and Mrs. Hatfield were found to be the prevailing parties. Because no collateral attack is permitted upon the federal court judgment, it follows that there is no factual dispute possible in the state court action as to whether or not the federal court judgment terminated in favor of Mr. and Mrs. Hayes. Additionally, the federal judgment, not having been set aside, is, as

a matter of law, a bar to the action for malicious prosecution based upon it.

### III.

Mr. and Mrs. Hayes also assert trial court error in· sustaining the motion for summary judgment on the basis of what they term "instructional error." After argument and at the time of taking the motion for summary judgment under advisement, the trial court requested of counsel that he submit a verdict director which he would propose to use at trial. He submitted one instruction for submission of the cause of action in malicious prosecution patterned on MAI 23.07, MAI 16.01, and MAI 16.06. Although it is possible that a review of the proposed instruction assisted the trial court in its evaluation of the issues before the court, it is clear that the court did not rule on the basis of the instruction itself. The court found that there was no factual dispute regarding the question of whether the federal suit had in fact terminated and that the federal suit had not terminated in favor of the Hayeses. On that basis the court granted summary judgment.

### IV.

■ In their final point, Mr. and Mrs. Hayes contend that the trial court erred in granting summary judgment because the Hayeses' second amended petition is supportable on theories of law other than malicious prosecution, for example, abuse of process or prima facie tort. The petition does not state a claim for abuse of process. The elements of a claim for abuse of process are: (1) an illegal, improper, perverted use of the process that is not warranted or authorized; (2) an improper purpose in exercising such illegal, improper, or perverted use of the process; and (3) resulting damages. *Stafford v. Muster,* 582 S.W.2d 670, 678 (Mo. banc 1979). The essence of the cause of action is the misuse of process to accomplish an unlawful end or to compel the defendant to do some collateral act which he could not legally be compelled to do. *Moffett v. Commerce Trust Co.,* 283 S.W.2d 591, 600 (Mo.1955), *cert. denied,*

350 U.S. 966, 76 S.Ct. 547, 100 L.Ed. 861 (1956). In support of their assertion that they state a claim for abuse of process, Mr. and Mrs. Hayes point to the allegations of malice pleaded in the count which they themselves styled "Malicious Prosecution" and to what they describe as the inference in their pleading that Mr. Hatfield used the federal suit to extort a large sum of money from the city's insurer. Abuse of process will not lie where, even if the motive is bad, the use of process was within the right of the defendant. *Id.* There is nothing in the pleadings to support the Hayeses' alleged inference that Mr. Hatfield used his claim to extort a large sum of money from the city's insurer.

■ In presenting their argument that the second amended petition states a cause of action in prima facie tort, the Hayeses first set forth the elements of prima facie tort. They then cite to paragraph numbers in the pleading; presumably, the contents of each lengthy paragraph are meant to be interpreted by this court as the facts which the Hayeses intend to use in support of each respectively-referenced element of the cause of action. In this subsection of the point, Mr. and Mrs. Hayes have provided this court with only one-half page of argument and have cited as sole authority in support of the entire sub-point *Guirl v. Guirl,* 708 S.W.2d 239, 248 (Mo.App.1986); the *Guirl* citation simply sets forth the elements of prima facie tort. Consequently, this court finds that this portion of Mr. and Mrs. Hayes' point is abandoned. Rule 84.04(d); *Boswell v. Steel Haulers, Inc.,* 670 S.W.2d 906, 912 (Mo.App.1984).

■ Mr. and Mrs. Hayes note that Mr. and Mrs. Hatfield's brief fails strictly to comply with the requirements contained in Rule 84.04(d). The Hatfields' brief contains only one point relied on; it is divided into three sub-points, two of which address portions of the merits of the appeal and one of which requests impositions of sanctions for the filing of a frivolous appeal. The Hatfields cite sixty-one authorities and fail to designate any citation to any of the three specific sub-points. Although the respondents' brief does not fully comply with

the rules of appellate practice, Mr. and Mrs. Hayes' request that the brief be stricken is denied.

 Mr. and Mrs. Hatfield request imposition of sanctions pursuant to Rule 55.03. Although they requested sanctions in their answer to plaintiffs' second amended petition, Mr. and Mrs. Hatfield did not request sanctions in their final motion for summary judgment. The trial court made no ruling on the question. Since lack of a specific ruling preserves nothing for review, this court will not consider a point upon which no ruling has been made. *Vandever v. Jr. Coll. Dist. of Kansas City*, 708 S.W.2d 711, 720 (Mo.App.1986). Moreover, the respondents have filed no cross-appeal.

The judgment is affirmed.

All concur.