**Howard HATFIELD, et ux., Appellants,**

v.

**James R. HAYES, Appellee.**

**No. 88–1919.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1988.

Decided June 19, 1989.

Rehearing Denied July 13, 1989.

Thomas R. Bellman, Kansas City, Mo., for appellants.

Theodore M. Kranitz, St. Joseph, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Howard and Shirley Hatfield appeal the District Court's [1] order denying attorney's fees under 42 U.S.C. § 1988. The Hatfields also contend that the District Court erred by failing to impose Rule 11 sanctions against James R. Hayes and his attorney. We reverse the denial of attorney's fees under § 1988, and affirm as to the denial of Rule 11 sanctions.

I.

Howard Hatfield filed in federal district court [2] a complaint alleging that the City of St. Joseph, Missouri and three of its officials denied him his civil rights in violation of 42 U.S.C. § 1983. After discovery, Hatfield amended his complaint to include additional theories of recovery (among them, an allegation of illegal wiretapping in violation of 18 U.S.C. § 2520) and additional defendants (including Sheriff James R. Hayes, the appellee). Hatfield's wife, Shirley, was joined as plaintiff. An answer for all the named defendants was filed by counsel selected by National Union Fire Insurance Company, the city's insurer.

In January 1987, all defendants, including Hayes, through counsel jointly filed a formal offer of judgment pursuant to Federal Rule of Civil Procedure 68 to allow judgment "to be taken and entered against them jointly for the sum of Fifty Thousand One Dollars ($50,001.00)." The Hatfields timely filed a written acceptance, and on February 10, 1987, the district court ordered entry of judgment in favor of plaintiffs and jointly against all defendants, including Hayes. By letter dated February 13, 1987 to counsel, Hayes protested the consent judgment and denied liability. However, at no time did Hayes communicate to the district court his disagreement with the entry of judgment against him.

Later, in September 1987, the district court granted the Hatfields' motion for attorney's fees pursuant to § 1988, stating "there is no dispute that plaintiffs are indeed prevailing parties ... since defendants tendered and plaintiffs accepted an offer of judgment on all claims alleged in plaintiffs' First Amended Complaint." *Hatfield v. City of St. Joseph,* No. 85–6103 (W.D.Mo. Sept. 9, 1987) (order awarding attorney's fees). Although all defendants, including Hayes, filed a notice of appeal to this Court as to the award of attorney's fees, they later stipulated to a withdrawal of the appeal and the attorney's fees were paid.

Meanwhile, on February 24, 1987, Hayes and his wife filed a malicious prosecution suit against the Hatfields and the National Union Fire Insurance Company in a Missouri circuit court, seeking twenty-nine million dollars in damages. The complaint falsely alleged that the Hatfields' federal suit had been terminated in Hayes's favor. The defendants moved for summary judgment, but their motions were denied. Subsequently, Hayes and his wife settled with National Union, leaving only the Hatfields as defendants. The state court ultimately granted summary judgment in favor of the Hatfields, and the Missouri Court of Ap-

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western and Eastern Districts of Missouri.

peals affirmed. *Hayes v. Hatfield,* 758 S.W.2d 470 (Mo.Ct.App.1988).

On February 3, 1988, nearly one year after the federal judgment against all defendants had been entered, Hayes filed in the District Court a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), alleging that he "neither had timely knowledge of nor consented to the judgment in this cause," which "condemns him, a law enforcement officer, as a confessed felon, and casts a cloud upon his good name and reputation and covers him with unjustified calumny and potential disgrace." The District Court denied this motion finding that Hayes was "grossly out of time in seeking relief." [3]

Thereafter, the Hatfields moved for attorney's fees under § 1988 and for sanctions under Rule 11. Interpreting their fee claim as requesting attorney's fees for time spent in state court defending the malicious prosecution case and in federal court opposing the Rule 60(b) motion, the District Court denied the Hatfields' request. The Hatfields moved for reconsideration, requesting attorney's fees only for time spent in federal court opposing the Rule 60(b) motion. The District Court again denied attorney's fees, reasoning that the Hatfields' defense against the Rule 60(b) motion was merely in aid of their defense of the state court malicious prosecution case.

On appeal, the Hatfields contend that because they successfully resisted the Rule 60(b) attack on their federal court judgment, the District Court erred in failing to award them attorney's fees pursuant to § 1988. Also, the Hatfields contend that the court erred in denying Rule 11 sanctions against Hayes and his attorney.

## II.

We turn first to the Hatfields' claim for attorney's fees. The general rule in the United States is that both parties to a lawsuit bear their own attorney's fees. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct.

1612, 1616, 44 L.Ed.2d 141 (1975). Congress, however, has promulgated numerous statutory exceptions to this general rule. One such exception, 42 U.S.C. § 1988, provides in part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court determined that a plaintiff is a "prevailing party" for attorney's fees purposes "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Id.* at 433, 103 S.Ct. at 1939 (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)); *see also Texas State Teachers Ass'n v. Garland Indep. School Dist.,* — U.S. —, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The Supreme Court describes this test as "a generous formulation." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939.

■ Prevailing parties in actions to which a fee-shifting statute applies, then, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). "[A]bsent special circumstances, a prevailing party should be awarded section 1988 fees *as a matter of course.*" *Kirchberg v. Feenstra,* 708 F.2d 991, 998 (5th Cir.1983) (emphasis in original). Appellate review of a denial of § 1988 attorney's fees is governed by the abuse of discretion standard, but a district court's discretion in denying attorney's fees to prevailing parties is narrow. *See Jenkins v. Missouri,* 838 F.2d 260, 267 (8th Cir.1988) (district court's discretion in determining when special circumstances exist is narrowly limited).

■ In the present case, upon entry of the consent judgment in their favor the

---

3. The motion was ruled on by Judge Sachs, to whom the matter had been assigned, Judge Stevens having recused because his affidavit had been filed in Hayes's state court action.

Hatfields were prevailing parties as defined by the Supreme Court in *Hensley*. Hayes's Rule 60(b) motion was an attack on that judgment.[4] The Hatfields were successful in repelling this attack. Once again, they prevailed. We have no difficulty in concluding that the Hatfields are entitled to an award of attorney's fees under § 1988 for work done in opposing Hayes's Rule 60(b) motion unless special circumstances would render the award unjust. *Cf. Green v. Ten Eyck*, 572 F.2d 1233, 1243 (8th Cir.1978) (defense of judgment on appeal is compensable under § 1988); *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir.1987) (a party defending a judgment need not be "better off" after an appeal than before the appeal to be considered "prevailing").

In denying fees under § 1988, the District Court concluded that "the work done in this case [with respect to the Rule 60(b) motion] ... was in aid of the defense of the state court malicious prosecution case," and that "[the Rule 60(b) motion] was essentially a skirmish in the state court controversy." *Hatfield*, No. 85–6103 (W.D.Mo. May 26, 1988) (order denying attorney's fees). The court did not explain, however, why these circumstances would make an award of attorney's fees unjust. The injustice, if any, is not readily discernible, since the Hatfields did not initiate either the state court action or the Rule 60(b) motion.[5]

■ Because the language of § 1988 does not include the "special circumstances" exception, this judicially created exception should be narrowly construed. *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir.1985) (en banc). "[A] strong showing of special circumstances is necessary to support a denial of attorney fees." *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469 at 1474 (10th Cir.1985); *see Love v. Mayor, City of Cheyenne*, 620 F.2d 235 (10th Cir.1980) (good faith is not a special circumstance justifying the denial of attorney's fees under § 1988); *Wheatley v. Ford*, 679 F.2d 1037 (2d Cir.1982) (that an action provided a private benefit to a plaintiff rather than a public benefit to a class of similarly situated persons is not a special circumstance to deny § 1988 attorney's fees); *Staten v. Housing Authority of the City of Pittsburgh*, 638 F.2d 599 (3rd Cir. 1980) (that the case was "simple" or could be "routinely handled" does not justify denial of § 1988 attorney's fees); *Consol. Freightways Corp. v. Kassel*, 730 F.2d 1139, 1141–42 (8th Cir.), *cert. denied*, 469 U.S. 834, 105 S.Ct. 126, 83 L.Ed.2d 68 (1984) (where § 1983 is an appropriate basis for relief, attorney's fees are proper under § 1988 even though the plaintiff prevailed on other grounds).

In *McLean v. Arkansas Bd. of Education*, 723 F.2d 45 (8th Cir.1983), this Court addressed the impact of a fund raised for financing litigation on an award of attorney's fees under § 1988. In that case, the American Civil Liberties Union conducted a specific fund-raising campaign to cover the costs of challenging the Arkansas law requiring the teaching of creation science. After the plaintiffs prevailed under § 1983 and were awarded § 1988 attorney's fees, defendants appealed contending that the specific fund raised to support the litigation was a special circumstance rendering the awarding of fees unjust. We held that "specific fund-raising activities by an organization representing a prevailing civil rights plaintiff are irrele-

---

**4.** Hayes stated in his Rule 60(b) motion: "He [Hayes] is not, as a matter of law and of fact, guilty of or liable for any of the conduct of which plaintiffs complained in their amended complaint."

**5.** The District Court apparently thought that the Hatfields would not pursue the litigation against Hayes if the federal judgment were set aside as to him. "Even if the court were persuaded to set aside the judgment against Hayes, the court would be presented with a situation where Hatfield apparently no longer wishes to prosecute,

and would presumably do so only as protection against the state court litigation." *Hatfield*, No. 85–6103 (W.D.Mo. Mar. 21, 1988) (memorandum and order). However, we find nothing in the record indicating that Hatfield would not have relitigated his claim against Hayes. At oral argument, counsel for the Hatfields, when questioned as to what would happen if the judgment against Hayes were set aside, stated "we'd be back to square one and have to start the lawsuit as to Sheriff Hayes all over again."

vant to the issue of attorneys' fees available under [§ 1988]," *id.* at 49, and therefore are not a special circumstance permitting the denial of fees.[6]

Although none of the cases cited above is directly on point, they illustrate that if attorney's fees under § 1988 are to be denied to the prevailing party a strong showing is necessary of special circumstances rendering the award unjust. Applying this principle, we believe that the District Court erroneously denied the Hatfields an award of attorney's fees for time spent in defending the Rule 60(b) motion.

While the history of this case is unique (and exceptionally acrimonious), we do not perceive any special circumstances which would render unjust an award of attorney's fees against Hayes. Having successfully retained their judgment against Hayes, the Hatfields are a prevailing party and entitled to reasonable attorney's fees under § 1988. The decision of the District Court denying fees to the Hatfields is reversed, and the case is remanded for the award of a reasonable attorney's fee for services rendered to the Hatfields in opposing Hayes's Rule 60(b) motion.[7]

### III.

The Hatfields argue that the District Court erred in failing to impose sanctions under Rule 11 against Hayes and his attorney. Considering that (1) the Hatfields will be awarded attorney's fees under § 1988 on remand and (2) a determination by a district court of whether Rule 11 has been violated deserves substantial deference, *see O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987), the

District Court's decision not to impose Rule 11 sanctions will not be disturbed.

### IV.

The order of the District Court is reversed as to its denial of attorney's fees under § 1988 and the case is remanded for the award of a reasonable attorney's fee to the Hatfields for their opposition to Hayes's Rule 60(b) motion. In all other respects, the decision of the District Court is affirmed.

The costs of this appeal, including attorney's fees, are awarded to the Hatfields. Their bill of costs and request for an attorney's fee with respect to this appeal, with proper documentation, should be filed with the Clerk of this Court.

---

6. Judge John R. Gibson dissented, but only on the ground that § 1988 was not intended to create windfalls:

The legislative history of this statute makes clear that both Houses of Congress intended reasonable fees "which do not produce windfalls to attorneys." S.Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976); U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913. H.R. No. 1558, 94th Cong., 2d Sess. 9 (1976). The fundraising effort in this case directed to the Arkansas litigation produces such a windfall.

*Id.* at 49–50. In the present case, the Hatfields do not stand to reap a windfall from the award of attorney's fees.

7. We reject as frivolous Hayes's argument that the Hatfields' application for fees was untimely. We express our serious concern that in making this argument Hayes's counsel failed to discover that the case he principally relied upon, *White v. New Hampshire Dep't of Employment Sec.*, 629 F.2d 697 (1st Cir.1980), was reversed by the Supreme Court some seven years ago. 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).