Kenneth BLANKENSHIP and Mary Blankenship, Plaintiffs–Appellants,

v.

BETTER BUSINESS BUREAU, Defendant–Respondent.

No. 56363.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 26, 1989.

Irwin M. Roitman, Clayton, for plaintiffs-appellants.

Lewis C. Green, John R. Green, St. Louis, for defendant-respondent.

SIMON, Chief Judge.

Appellants, Kenneth Blankenship and Mary Blankenship, appeal a summary judgment entered in favor of respondent, Better Business Bureau. Appellants contend that: (1) the trial court erred in granting summary judgment to respondent because respondent did not show by unassailable proof that it had provided appellants with all relevant information concerning the general contractor appellants had hired to enlarge their residence; and (2) the affidavit of Michelle Corey filed in support of respondent's motion for summary judgment failed to comply with Rule 74.04. We reverse and remand.

Initially, we note that "[r]eview of summary judgment is equivalent to review of a court-tried case and, if, as a matter of law the judgment is sustainable on any theory, the judgment of the trial court will be sustained." *Hayes v. Hatfield,* 758 S.W.2d 470, 472[1] (Mo.App.1988). We review the record in the light most favorable to the party against whom summary judgment was entered; first determining whether any genuine issue of material fact exists requiring trial, then determining whether the judgment is correct as a matter of law. *Id.* The moving party has the burden of demonstrating that it is entitled to judgment as a matter of law. *Id.* However, "the party confronted by a proper motion for summary judgment may not rest upon mere denials in the pleadings but must set forth specific facts which show there is a genuine issue for trial. Rule 74.04(e)." *Kinder v. Notorangelo,* 615 S.W.2d 433, 434[1-3] (Mo.App.1980). Further, summary judgment shall not be precluded if the facts alleged to be in dispute are actually the differing opinions of the parties concerning the legal effect of documents or actions determining their respective rights. *Hayes,* 758 S.W.2d at 472[1]. With these tenets in mind, we now turn to the facts giving rise to this appeal.

Appellants sought to enlarge their residence by having a contractor construct a room addition to their home. They received an unsolicited bid for the work from Cornerstone Construction Company (hereinafter, "Cornerstone") in the latter part of 1986. On April 4 or 5, 1987, appellant, Mary Blankenship, telephoned respondent to inquire about the reliability of Cornerstone. She was told that there were two complaints against Cornerstone, "both of which were taken care of." Understanding this information "not to negatively reflect on the reliability of the general contractor," she and her husband, Kenneth Blankenship, entered into a written contract with Cornerstone on April 6, 1987, paying an advance of $8000.00. The room addition was not built, and appellants lost their money.

Appellants sued respondent for fraudulent misrepresentation and negligent misrepresentation, alleging that respondent failed to furnish all relevant information

regarding Cornerstone. Had such further information been disclosed, appellants would have altered their decision to contract with Cornerstone, and hence, would not have lost their money.

Respondent moved to dismiss the petition for failure to state a claim upon which relief could be granted and also moved for summary judgment. The trial court granted the motion for summary judgment and did not dispose of the motion to dismiss.

In their first point, appellants contend that the trial court erred in granting summary judgment to respondent because respondent did not show by unassailable proof that it had provided appellants with all relevant information concerning Cornerstone. Thus, appellants argue that a genuine issue of material fact remains regarding the nature and extent of respondent's knowledge about Cornerstone.

■ At the onset, we note that "[i]t is no longer necessary for a movant to show by unassailable proof that he is entitled to a summary judgment." *Hayes,* 758 S.W.2d at 472[1]. That requirement was deleted from Rule 74.04, effective January 1, 1988. Rather, our review shall be governed by the standards previously set forth in this opinion.

■ At issue is the nature and extent of the information furnished to appellants by respondent. Respondent's motion for summary judgment relies on the affidavit of Michelle Corey, the vice president of the Better Business Bureau in St. Louis. Corey affined that respondent's files contained two consumer complaints regarding Cornerstone. One consumer complained that Cornerstone had not paid a supplier of material that was used on the roof of her house. Cornerstone paid the material supplier, and that consumer's complaint was "closed." The second consumer complained that Cornerstone would not refund her down payment. This complaint was also "closed" when Cornerstone informed respondent that it would pay the refund to the consumer. Respondent's files also showed a record of a telephone call complaining about Cornerstone. Respondent informed the caller that if he sent in a written complaint, it would be processed. No written complaint was forthcoming, and under respondent's established procedures, a telephonic complaint is not recorded. Further, respondent's files showed that Cornerstone had not replied to respondent's request that it fill out and return a Standard Business Questionnaire. Corey stated that Cornerstone's failure to do this was reported to consumers during the first week of April, 1987, which included the time period appellants had contacted respondent.

Appellants filed a memorandum in opposition to respondent's motion for summary judgment. Attached to the memorandum was the affidavit of appellant, Mary Blankenship, who stated that she was the person who telephoned respondent inquiring about Cornerstone. She was told of only two complaints that had been resolved. She was not informed of Cornerstone's failure to return respondent's Standard Business Questionnaire, nor was she informed of the factual nature of the two complaints that respondent said were "closed." Also attached to appellants' memorandum was the affidavit of appellant, Kenneth Blankenship. He affined that in June of 1987, he telephoned respondent complaining that Cornerstone did not construct the room addition despite being paid $8000.00 in advance. On November 18, 1987, respondent mailed him a Better Business Bureau News Bulletin concerning Cornerstone that was dated November 17, 1987.

The bulletin, which is attached to appellants' memorandum, contains additional information regarding Cornerstone that appellants dispute receiving during the initial inquiry to respondent. The bulletin stated that Cornerstone recently had been the subject of numerous complaints primarily alleging unsatisfactory workmanship and long delays in work completion. In one instance, a consumer alleged that he paid Cornerstone in advance for home remodeling work. Before one area of his home would be completed, Cornerstone would request additional payment to work on other areas of the home, thereby leaving the homeowner with several unfinished rooms.

Additionally, consumers have claimed difficulties in contacting Cornerstone regarding promises to complete work or to rectify unsatisfactory situations. The bulletin does not reveal the dates of these above mentioned complaints. In 1984, David Thomas, the operator of Cornerstone, was charged with failure to pay over $30,000 in sales taxes when he previously operated an appliance store. A permanent injunction issued which prohibited Thomas from making certain oral, written, or printed misrepresentations regarding the sale of appliances. Five other firms operated by Thomas are now out of business.

Clearly, there remains in dispute a genuine issue of material fact regarding the nature and extent of the information provided to appellants. Therefore, we must reverse and remand to the trial court for further proceedings.

■ In their second point, appellants contend that the affidavit of Michelle Corey fails to comply with Rule 74.04 in that it does not rest on personal knowledge of the facts in issue concerning what was and was not disclosed to appellants, and does not demonstrate that affiant is competent to testify beyond her duties as a record keeper. The three components of a point relied on are:

> (1) a concise statement of the challenged ruling of the trial court;
>
> (2) the rule of law which the court should have applied; and
>
> (3) the evidentiary basis upon which the asserted rule is applicable.

*Hoffman v. Koehler*, 757 S.W.2d 289, 292[2] (Mo.App.1988); Rule 84.04(d). As we stated in *Green v. Lutheran Charities Association*, 746 S.W.2d 154 (Mo.App. 1988):

> The requirements of Rule 84.04 are not only mandatory but also essential for the effective functioning of appellate courts. It is not our duty or responsibility to spend judicial time searching through legal files, transcripts or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies.

*Id.* at 156[2]. This point does not state what action or ruling of the trial court is sought to be reviewed. Appellants' failure to comply with Rule 84.04(d) preserves nothing for review.

■ Finally, we note that respondent has asked us to review appellants' petition *sua sponte* for failure to state a claim upon which relief can be granted. In so doing, we liberally construe the pleadings, accepting as true all well-pleaded facts and inferences therefrom favorable to the plaintiff, to determine whether the pleading demonstrates a ground for relief. *Alexander v. Alexander, Inc. v. Koelz*, 722 S.W.2d 311, 312[1] (Mo.App.1986). The petition shall not be dismissed if any set of facts asserted, if proved, would entitle appellants to relief. *Madden v. C & K Barbecue Carry-out, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988). We have reviewed the elements of fraudulent misrepresentation (*Clark v. Olson*, 726 S.W.2d 718, 719[1] (Mo. banc 1987)) and negligent misrepresentation (*AAA Excavating v. Francis Const.*, 678 S.W.2d 889, 893[7] (Mo.App.1984)) and find them adequately pleaded to survive the motion to dismiss.

Judgment reversed and remanded.

DOWD, P.J., and SIMEONE, Senior Judge, concur.