**Roger PLUMMER, et al., Appellants,**

**v.**

**Shirley DACE, et al., Respondents.**

**No. 58726.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 5, 1991.

James L. Thomas, Cary L. Hansen, Waynesville, for appellants.

Gerard T. Noce, Brian N. Brink, St. Louis, for respondents.

CARL R. GAERTNER, Judge.

Plaintiffs appeal from the dismissal of their cause of action against defendant Sullivan C-2 Consolidated School District of Franklin County and summary judgment in favor of defendant Tom Slezack in their suit for injuries sustained by Le Anna Rodecap after she disembarked from her school bus. We affirm in part and reverse in part.

Tom Slezack drove the school bus that Le Anna Rodecap, a six year-old first grader, regularly rode from school to home. On November 10, 1987, he stopped the bus and let Le Anna off on the northeast corner of Elbert and Highway 185, waited while she crossed over to the west side of Highway 185 to the parking lot of the Westward Construction Company, and then continued on his route. Le Anna had arrived on the same side of Highway 185 as her house when he drove off. About ninety seconds later, for reasons that are not clear, Le Anna re-crossed Highway 185 and was struck by a northbound Plymouth Voyager driven by Shirley Dace. Le Anna suffered severe injuries to her legs, head, neck, back, arms, pelvis, and internal organs.

On March 24, 1988, plaintiffs Le Anna Rodecap, her mother and her custodial step-father, filed a three count petition for Le Anna's personal injuries: Count I against Shirley Dace for negligent operation of her Plymouth Voyager; Count II against Tom Slezack for negligently allowing Le Anna to exit the school bus at an unsafe place, at the wrong stop, and alone; and Count III against the Sullivan C-2 School District for negligent operation of a school bus system by failing to properly train drivers, negligently designating places for children to be let off the school bus, and/or failing to instruct drivers in the proper discharge of children.

Sullivan C-2 School District filed a motion to dismiss Count III based on sovereign immunity. On September 30, 1988, the trial court granted defendant School District's motion to dismiss on the grounds that Le Anna's injuries did not result from the negligent operation of the bus so that the injury did not fall within any exception to sovereign immunity.

Defendant Slezack filed a motion for summary judgment and memorandum in support on January 6, 1989. After a hearing, the trial court issued an order granting summary judgment in favor of defendant Slezack and against plaintiffs on the grounds that uncontroverted facts showed, as a matter of law, that defendant Slezack was not liable for Le Anna's injuries.

The court approved a settlement between plaintiffs and defendant Dace. Plaintiffs executed a release and satisfaction of judgment, and the court dismissed the claims against Dace.

Plaintiffs appeal the dismissal of defendant School District and summary judgment in favor of defendant Slezack.

I.

SOVEREIGN IMMUNITY

Plaintiffs contend the trial court erred in sustaining the school district's motion to dismiss on grounds of sovereign immunity. It is not disputed that the school district, a subdivision of the State, is protected from liability under the doctrine of sovereign immunity. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 868 (Mo.banc 1983). Plaintiffs argue, however, that the waiver of immunity provided by § 537.600.1(1), RSMo.1986, in cases arising from the negligent operation of motor vehicles precludes the school district's assertion of that defense. We disagree.

The phrase "operation of motor vehicles" found in § 537.600.1(1) has been construed as encompassing "nearly any activity that deals specifically with the motor vehicle, i.e., the actual physical structure and attendant parts." *Johnson v. Carthell,* 631 S.W.2d 923, 926–27 (Mo.App.1982). Thus, the allegedly negligent acts of a school bus driver in supressing an altercation between passengers on a school bus did not constitute the "operation" of the motor vehicle. *Id.*

Plaintiffs do not predicate their claim against the school district upon any acts of the bus driver or any activity which deals with the motor vehicle. Rather, they plead the school district was negligent in properly training its bus drivers, in designating bus stops, and in failing to instruct drivers regarding the proper discharge of children from the bus. These allegations relate to the operation of a school bus system, not the operation of a school bus. The trial court did not err in sustaining school district's motion to dismiss on the grounds of sovereign immunity.

II.

SUMMARY JUDGMENT

Plaintiffs next contend the trial court erred when it granted summary judgment in favor of defendant school bus driver Tom Slezack because a genuine issue of material fact existed.

A review of summary judgment requires the appellate court to review the entire record in the light most favorable to the party against whom summary judgment is entered. The reviewing court determines first whether a genuine issue of material fact exists and then whether the judgment is correct as a matter of law. *J.R. Green Properties, Inc. v. Meixner,* 778 S.W.2d 342, 343 (Mo.App.1989) *quoting Hayes v. Hatfield,* 758 S.W.2d 470, 472 (Mo.App. 1988). Furthermore, "[s]ummary judgment is not precluded if the 'facts' alleged to be in dispute are actually differing opinions of the legal effect of documents or actions which determine their respective rights." *Hayes,* 758 S.W.2d at 472. Nor is it necessary for the movant to show by "unassailable proof" that he or she is entitled to summary judgment. *Id.*

In their petition, plaintiffs allege that defendant Slezack was negligent in that he "carelessly and negligently" allowed Le Anna to exit the school bus "at an unsafe place, alone and by herself", and "at the wrong stop alone and by herself", and that these acts were the direct and proximate cause of Le Anna's injuries.

The trial court found, based on depositions, admissions, and affidavits, that uncontroverted facts established, as a matter of law, that defendant Slezack was not negligent nor liable for Le Anna's injuries.

The record presented to the trial court on the summary judgment motion discloses several factual disputes. The materiality of these disputed facts is the issue on this appeal.

The accident occurred on Highway 185, a two-lane road which runs generally north and south between Elbert Street and Dunsford Street. Le Anna's home was on Dunsford Street some distance west of Highway 185. In the mornings, she usually boarded the northbound school bus with the four Steven's children in front of the Steven's house, which was on the west side of the

Highway a short distance north of Dunsford. Le Anna's mother testified that her daughter always alighted from the bus in the afternoon on the east side of the highway in front of the Steven's house or at Dunsford Street. Neither of these locations was a designated bus stop. Tom Slezack, the regular bus driver, knew Le Anna lived on Dunsford west of the highway. He testified that sometime prior to the date of the accident Le Anna began to disembark from the bus at its regularly designated stop at Elbert street and walked with other children. Her mother, who always waited for Le Anna at the Steven's house, denied that her daughter ever got off the bus at Elbert street.

On November 10, Le Anna boarded the bus in the morning with the Steven's children in front of their house. However, the Steven's family moved that day and the Steven's children did not ride the bus home. In the afternoon, Le Anna got off the bus at Elbert Street. Mr. Slezack watched her as she crossed Highway 185 to a gravel parking lot on the west side of the highway. The parking lot is on the same side of the Highway and approximately 450 feet from where her mother was waiting at the Steven's house. There is a drainage ditch but no sidewalk on the west side of the highway between the parking lot and the Steven's house. Mr. Slezack later stated to the police "normally there are four or five kids that get off at that stop and cross the road with her, but that day she was alone. As I pulled off she was just standing there about six feet off the road kind of wondering where the other kids were at. I continued on my route."

Approximately ninety seconds after the bus passed the Steven's house where Le Anna's mother was waiting, she heard the squeal of tires. Shirley Dace testified she was driving northbound on Highway 185 when she saw the child in the southbound lane running toward the east into the northbound lane directly into the path of her vehicle. Other than unsubstantiated hearsay, the record is silent regarding how or why Le Anna left the parking lot, went into the southbound lane and then ran back into the northbound lane.

In sustaining Mr. Slezack's motion for summary judgment, the trial court ruled "[a]ny danger caused by the driver in letting Le Anna off where he did ceased to be the proximate cause of the child's injury when Le Anna got to the 'safe' side of the street and the bus departed." If this conclusion is correct as a matter of law, the discrepancies between Mr. Slezack's testimony and that of Le Anna's mother are immaterial and the entry of summary judgment is appropriate. Resolution of this question requires an analysis of two issues: (1) did Mr. Slezack provide Le Anna with a safe place to alight from the bus, and if not, (2) did the passage of time and the alleged negligence of Mrs. Dace render Mr. Slezack's conduct a remote rather than a proximate cause of Le Anna's injury?

It is well settled law in Missouri that the duty of a common carrier to exercise the highest degree of care for its passengers continues at least until the passenger has been discharged at a reasonably safe place. *Sanford v. Bi-State Development Agency,* 705 S.W.2d 572, 575 (Mo. App.1986); *Lanham v. St. Louis Public Service Company,* 360 S.W.2d 243, 246 (Mo.App.1962). However, the mere fact that the passenger is not injured by the very act of alighting at the very spot or moment where or when he or she alighted does not absolve the carrier of its duty to select a safe place in which to discharge passengers. *Graeff v. Baptist Temple of Springfield,* 576 S.W.2d 291, 307 (Mo.banc 1978). What is a "reasonably safe place" is susceptible of widely divergent conclusions depending upon the circumstances of each case. In *Sanford,* this court ruled as a matter of law that the carrier had discharged its duty to a fourteen year-old passenger who walked in front of the bus and was struck by a passing vehicle, because he was dropped off in a place of safety with a protected path to the sidewalk. 705 S.W.2d at 575. On the other hand in *Graeff,* the Supreme Court held that a carrier was liable for injuries sustained by an eight year-old, mildly retarded child who was permitted to alight from the right side of the bus, ran in front of it and

was struck by an automobile passing on the left side of the bus. The most obvious distinction between *Sanford* and *Graeff* is the age of the child plaintiff. The duty of care where children are involved always requires more vigilance and caution than might be required where adults are concerned. *Smith v. Archbishop of St. Louis,* 632 S.W.2d 516, 522 (Mo.App.1982). This is particularly true where the party responsible for the child is or should be aware of a particularly dangerous situation. *Id.* In *Huckstep v. Richards,* 609 S.W.2d 731 (Mo. App.1988), a six year-old child alighted from a school bus, walked around the front and toward the rear of the bus along the left side. Reaching for school papers she had dropped, she was run over by the left rear wheel of the bus when it started up. Although the issue before the court did not relate to the carrier-passenger relationship and the duty of providing a safe place to alight, the language of the court's opinion is pertinent and instructive. "A child on or near a roadway is almost devoid of any real appreciation of danger, and their thoughtless and impulsive acts are to be expected and guarded against." *Id.* at 733.

The case of *Slade v. New Hannover County Board of Education,* 10 N.C.App. 287, 178 S.E.2d 316 (1971) bears marked factual similarities to this case. A six year-old boy was let off a school bus at a stop different from the one he was accustomed to. Although he was in a position of safety when the bus driver drove away, the driver was not insulated from liability for the injury sustained by the child when subsequently struck by an automobile. The North Carolina court stated:

> What constitutes a place of safety depends upon the age, experience and ability of the passenger. A place of safety for an eighteen year old high school senior of ordinary experience and intelligence might be a place of peril for an inexperienced six year old first grader. The care which a school bus driver must exercise toward a school bus passenger is proportionate to the degree of danger inherent in the passenger's youth and inexperience.

10 N.C.App. at 295, 178 S.E.2d at 321.

Applying these principles to the facts of this case we are unable to conclude as a matter of law that Mr. Slezack provided a reasonably safe place for Le Anna to alight from the bus. The mere fact that a six year-old child was safe so long as she remained in the same position does not compel such a conclusion. He knew she lived on Dunsford Street, a distance in excess of 450 feet from where he left her. He testified that she had never gotten off the bus at Elbert Street except in the company of other and older children. The mother testified that she had never alighted at Elbert Street. Mr. Slezack knew Le Anna would have to walk, by herself, down a busy highway bordered not by sidewalks but by a drainage ditch. That he should have anticipated some misfortune was likely to befall the little girl under these circumstances is at least a matter upon which reasonable minds could differ. Therefore, the court erred in finding that Le Anna had been left upon the "safe" side of the highway, and unless Mr. Slezack's conduct as a matter of law was too remote to be considered a proximate, contributing cause of Le Anna's injuries, the trial court erred in granting summary judgment.

We need not delve too deeply into the murky realm of proximate, remote, and intervening causes in order to resolve this question. Mr. Slezack argues that Le Anna's running into the highway and Mrs. Dace's negligence in striking her constitute independent, intervening causes which act to insulate him from liability. We disagree. Conduct may not be considered an independent, intervening cause where such action is "a foreseeable, natural product of the original negligence." *Jordan v. General Growth Development Corp.,* 675 S.W.2d 901, 903 (Mo.App.1984). Where the likelihood of the intervening act is one of the hazards which rendered the original actor's conduct negligent, he cannot be insulated from the consequences of the chain of events he set in motion. *St. John Bank & Trust Co. v. City of St. John,* 679 S.W.2d

399, 403 (Mo.App.1984). Negligent conduct ceases to be the proximate cause of an injury only when the intervening act constitutes such a new and independent cause that it interrupts, rather than contributes to, the chain of events set in motion by the original negligence. *Sirna v. APC Building Corp.*, 730 S.W.2d 561, 564 (Mo.App. 1987).

Le Anna's injuries were the culmination of a series of events which are traceable to Mr. Slezack's leaving her alone on the side of a busy highway, without sidewalks down which she had to walk over 450 feet to reach the point where her mother expected her to be discharged from the bus. The likelihood the child of such tender years would impulsively dart into traffic while traversing such a distance is the very danger which may have rendered the place of her alighting from the school bus unsafe. Accordingly, we are unable to conclude that the discrepancies between the testimony of Le Anna's mother and that of Mr. Slezack were immaterial. There is some evidence from which a jury could find that Le Anna's injuries were a natural, probable and foreseeable consequence of her being left alone on the side of the highway. The court erred in granting summary judgment in favor of defendant Slezack.

The judgment of dismissal as to Sullivan C-2 Consolidated School District is affirmed. The summary judgment in favor of defendant Slezack is reversed and the cause is remanded for further proceedings.

SMITH, P.J., and SATZ, J., concur.