17 F.3d 260
 89 Ed. Law Rep. 757
 LITTLE ROCK SCHOOL DISTRICT; Appellee,
Anne Mitchell; Bob Moore; Pat Gee; Pat Rayburn; Mary J.
Gage; North Little Rock Classroom Teachers Association;
Pulaski Association of Classroom Teachers; Little Rock
Classroom Teachers Association; Alexa Armstrong; Karlos
Armstrong; Ed Bullington; Khayyam Davis; Janice Dent;
John Harrison; Alvin Hudson; Tatia Hudson; Milton
Jackson; Intervenors,
Lorene Joshua; Leslie Joshua; Stacy Joshua; Wayne Joshua;
Appellants,
Katherine Knight; Appellee,
Sara Matthews; Becky McKinney; Derrick Miles; Janice
Miles; John M. Miles; NAACP; Joyce Person; Brian Taylor;
Hilton Taylor; Parsha Taylor; Robert Willingham; Tonya
Willingham; Intervenors,
v.
PULASKI COUNTY SPECIAL SCHOOL DISTRICT, # 1; Appellee,
North Little Rock School District; Leon Barnes; Sheryl
Dunn; Mac Faulkner; Richard A. Giddings; Marianne Gosser;
Don Hindman; Shirley Lowery; Bob Lyon; George A.
McCrary; Bob Moore; Steve Morley; Buddy Raines; David
Sain; Bob Stender; Dale Ward; John Ward; Judy Wear;
Grainger Williams, Defendants.
Philip E. Kaplan; Janet Pulliam; John Bilheimer; Movants,
Office of Desegregation Monitor, Claimant.
 No. 93-1178.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1994.
Decided Feb. 25, 1994.
 
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Lorene, Leslie, Stacy, and Wayne Joshua (the Joshuas) appeal an order of the district court denying their motion for costs and attorneys fees for their activities opposing the Pulaski County Special School District's (PCSSD) proposed budget cuts and reorganization. See 42 U.S.C. Sec. 1988. The parties to this action are operating under a desegregation settlement agreement. In March 1992, PCSSD filed a Special Status Report, informing the district court that the PCSSD Board of Directors had voted to make budget cuts which would affect the settlement agreement by eliminating and combining certain instructional and administrative positions. In response, the Joshuas filed objections to PCSSD's plan to combine its Office of Desegregation with its Office of Pupil Personnel. After holding a hearing on the budget cuts, the court ordered the restoration of several instructional division positions and took the Joshuas' objections under advisement. The court later held that the Joshuas' objections were moot because PCSSD voluntarily had abandoned the Office of Desegregation reorganization (reorganization). The Joshuas then moved for an award of fees and costs with respect to the budget cuts and reorganization. The district court denied fees and costs on both issues. The Joshuas appeal, and we affirm in part, reverse in part, and remand.
 
 
 2
 The Joshuas argue that the district court abused its discretion in denying them fees after it found that the Joshuas' activities were "instrumental" in thwarting the reorganization. The Joshuas also argue that they are entitled to fees with respect to the budget cuts even though the court did not rely on the Joshuas' evidence when it concluded several aspects of the budget cuts violated the settlement agreement.
 
 
 3
 We recognize that a court's discretion in denying fees to a prevailing party under section 1988 is narrow. See Hatfield v. Hayes, 877 F.2d 717, 719 (8th Cir.1989).
 
 
 4
 Our review of the record leads us to conclude that the district court wrongly denied fees for the Joshuas' work opposing the reorganization. We conclude, however, that the Joshuas are not entitled to fees with respect to the budget cuts, although we base our decision on factors different from those considered by the district court.
 
 I.
 
 5
 Where a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a "prevailing party" under section 1988 if his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous, meaning the plaintiff's suit was neither "frivolous, unreasonable [n]or groundless." See United Handicapped Federation v. Andre, 622 F.2d 342, 346-47 (8th Cir.1980).[1] Prevailing parties ordinarily should recover section 1988 fees unless special circumstances would make such an award unjust. Hatfield, 877 F.2d at 719.
 
 
 6
 In denying an award of fees on the reorganization, the district court agreed that the Joshuas' activity was "instrumental in reversing the proposed reorganization," but asserted that the reorganization was "not so fundamentally in violation of the goals of the settlement plan that the Court would have reversed it." To the contrary, the court "would have permitted th[e] reorganization to go forward" had it ruled on the matter.
 
 
 7
 We agree with the Joshuas that the court improperly relied on an evaluation of the underlying merits of the Joshuas' suit in denying them a fee award. Because it is abundantly clear from the record that the Joshuas' objections were not frivolous, unreasonable, or groundless, we hold that the Joshuas are prevailing parties with respect to the reorganization and are entitled to fees and costs for their work on that issue.[2]
 
 II.
 
 8
 We agree with the district court that the Joshuas are not entitled to fees with respect to the budget cuts. We disagree, however, that the Joshuas cannot recover fees whenever their work duplicates monitoring activities undertaken by the Office of Desegregation Monitoring (ODM). Such a rule is far too broad. The district court stated that neither it nor the ODM "relied" or "depended" on the Joshuas' discovery, apparently because the Joshuas were providing information already discovered by ODM and the court itself. The court should not inquire whether particular testimony the Joshuas elicited at the hearing or a piece of evidence the Joshuas presented actually influenced the court's decision.
 
 
 9
 Rather, to determine whether the Joshuas were prevailing parties with respect to the budget cuts, we inquire whether the orders the district court issued after the hearing gave the Joshuas a benefit they sought in bringing suit. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citation omitted); see also Farrar, --- U.S. at ----, 113 S.Ct. at 573 (touchstone of prevailing party inquiry is whether actual relief on merits materially alters parties' legal relationship "by modifying the defendant's behavior in a way that directly benefits the plaintiff").
 
 
 10
 As the district court recognized, the Joshuas' objections addressed only the reorganization of the Office of Desegregation and no other aspects of the budget cuts.[3] Although their objections and prayer for relief refer to PCSSD's "financial justification" for the reorganization, the Joshuas do not attack other budget cut ramifications. The Joshuas requested a hearing and discovery only on the reorganization.
 
 
 11
 The first characterization in the record of the Joshuas' objections as being related to the budget cuts appears in PCSSD's motion for additional time to respond to the objections. PCSSD stated the Joshuas' objections "embrace the entirety of the budget cuts," and it characterized the Joshuas' objections as ones "to budget and reorganization." In PCSSD's actual response, however, it characterized the Joshuas' objections as ones to the reorganization and responded to the Joshuas' allegations concerning only the reorganization.
 
 
 12
 The Joshuas first referred to their objections as being to the "budget cuts and reorganization" in their motion for fees. The bills they submitted combine time spent on "reorganization and cuts."
 
 
 13
 From this review of the pleadings, we conclude that the Joshuas sought only to have PCSSD abandon its Office of Desegregation reorganization.
 
 
 14
 The Joshuas contend their participation in the budget cut hearing entitles them to fees on the budget cut issues. The district court sua sponte called the hearing because of the court's own alarm at the number of budget cuts. Several parties besides the Joshuas, including various teachers and administrators, had complained to the court regarding the budget cuts. As the district court noted, the hearing's principal focus was not the specific enforcement that the Joshuas sought. Further, the hearing transcript indicates that the Joshuas' attorney played a small role in the hearing and that he focused on the reorganization.
 
 
 15
 The Joshuas also argue that their discovery efforts reflect their opposition to the budget cuts. The record indicates that the Joshuas deposed several school board members. As we noted, however, the Joshuas initially sought discovery with respect to only the reorganization. Because the deposition testimony is not part of the record before us, we cannot discern whether that testimony was limited to the reorganization issue or whether it extended to the budget cuts.
 
 
 16
 Accordingly, we affirm the district court's denial of fees for the Joshuas' work on the budget cuts.
 
 
 17
 We reverse the court's order with respect to the reorganization, and we remand so that the district court may determine the amount of fees to which the Joshuas are entitled. In determining that amount, we expect the court would consider, among other factors, the extent to which the Joshuas' time spent in taking depositions and appearing at the budget hearings was necessary to preserve their interest in the reorganization.
 
 
 
 [1]
 In Hendrickson v. Branstad, 934 F.2d 158, 161 (8th Cir.1991), we inquired whether the defendant's compliance which rendered the plaintiff's lawsuit moot was "legally required as opposed to gratuitous or voluntary." In Hendrickson, however, a preliminary injunction compelled the defendant's compliance with the plaintiff's requested relief. Id. Where, unlike Hendrickson, there is no valid, pre-existing judicial determination addressing a plaintiff's requested relief, a court need only ask whether the plaintiff's suit was frivolous, unreasonable, or groundless to determine whether the defendant's compliance was gratuitous. See Degidio v. Pung, 920 F.2d 525, 529 n. 7 (8th Cir.1990). Indeed, a court makes this inquiry to avoid conducting the very trial mooted by a defendant's voluntary compliance. Id.; Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)
 
 
 [2]
 We do not believe that the definition of "prevailing party" set forth in Farrar v. Hobby, --- U.S. ----, ----, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992), affects our foregoing analysis. We decline to extend Farrar 's language beyond its context of determining prevailing party status after a final determination on the merits of litigation. See American Council of the Blind v. Romer, 992 F.2d 249, 251 (10th Cir.) (similarly distinguishing Farrar ), cert. denied, --- U.S. ----, 114 S.Ct. 184, 126 L.Ed.2d 143 (1993); Pembroke v. Wood County, Tex., 981 F.2d 225, 231 n. 27 (5th Cir.) (same), cert. denied, --- U.S. ----, 113 S.Ct. 2965, 125 L.Ed.2d 665 (1993)
 
 
 [3]
 Even the title of their objections refers only to the reorganization